*Compiler*

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,      )
                                )     **CRIMINAL CASE NO. CM0528-12**
       vs.               )
                                )     **DECISION AND ORDER**
HILDA PASTRANA HILL,     )
                                )
         Defendant.     )
                                )

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed November 19, 2012. Oral arguments were heard on January 7, 2013. Assistant Attorney General Gabrielle L. Rossi, Esq. appeared on behalf of the Government and Assistant Public Defender Suresh Sampath, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On March 8, 2012, the Superior Court dismissed criminal charges against Defendant because she was not arraigned within sixty (60) days of the filing of the complaint pursuant to *People v. Rasauo*, 2011 Guam 14. *People v. Hill*, CM1068-11, *Decision and Order* (Super. Ct. Guam Mar. 8, 2012). The charges were dismissed without prejudice because the Court found no misconduct, bad faith or prejudice suffered by Defendant from the arraignment delay. *Id.* at 3-5.

On June 4, 2012, the Government filed the present complaint to reprosecute the charges that were dismissed without prejudice. On November 19, 2012, Defendant moved to dismiss this case on the grounds that the first case should have been dismissed with prejudice. Defendant argues that the Court has jurisdiction to review the prior dismissal and that a prompt arraignment violation should be automatically dismissed with prejudice. The Government argues that Defendant cannot challenge the characterization of dismissal for a third time after the remedy was denied by the trial court and denied review by the appellate court.



## DISCUSSION

### 1. Jurisdiction

Under Guam law, the Superior Court does not have jurisdiction to hear causes exclusively vested in the Supreme Court, including the review of final orders of the Superior Court in criminal cases. *See* 7 GCA §§ 3105 and 3107. When a criminal defendant is not promptly arraigned within 60 days pursuant to *Rasauo*, 2011 Guam 14, "[t]he issue of whether or not the case should be dismissed with or without prejudice should be decided in the first instance by the trial court." *Id.* at ¶ 16. A trial court's decision on the merits of a prompt arraignment should only be reexamined or amended pursuant to the appellate and supervisory jurisdiction of the Supreme Court. *See generally* 7 GCA § 3107; *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 175, 2 L.Ed 60 (1803) ("It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that cause."). There is no allegation of any prompt arraignment violation in the present case. The only reason Defendant moves this Court to dismiss the present case is because of how a different judge characterized the dismissal of a wholly separate case. Defendant would have this Court dismiss the present case solely in order to upset the ruling of a different judge in a separate case not before this Court, yet this Court knows of no authority that would allow it to do so.

In this case, Defendant argues that this Court has jurisdiction to review the merits of a prior characterization of dismissal because she did not have standing to appeal the issue until the charges were re-filed in this case. (Motion to Dismiss, 1, Nov. 19, 2012 (*citing People v. Tingzon*, CRA 12-012, Order (Sup. Ct. Guam Jun. 22, 2012).) Even if Defendant now has standing to appeal the prior dismissal, this Court is devoid of the authority to review the separate trial record and to amend the final order of a separate trial court. Defendant does not cite any authority for the Court to review the previous court's order.[1] In an abundance of

---

[1] Defendant cites *People v. Gutierrez*, 2005 Guam 19 n. 14, which allows a trial court to dismiss a re-filed indictment under 8 GCA § 80.70(a) after it finds bad faith. This authority does not apply to Defendant's argument

caution, the Court shall not review the final order of the separate trial court and Defendant's motion shall not be granted on this basis.

**2. Dismissal With or Without Prejudice**

Even assuming, *arguendo*, that the Court may dismiss this case because it disagrees with the prior characterization of dismissal, the Court shall not do so here. Defendant argues that any prompt arraignment violation under 8 GCA § 60.10 must be remedied by an automatic dismissal with prejudice. The Court does not agree.

Cases that evaluate delay in the statutory speedy trial context are instructional to the issue of prompt arraignment under 8 GCA § 60.10. *People v. Julian*, 2012 Guam 26 ¶ 35. A statutory speedy trial violation does not require automatic dismissal with prejudice. *See U.S. v. Perez*, 2011 WL 2294194, at \*3 (D. Ct. Guam Jun. 8, 2011) (*citing* 18 U.S.C. § 3162(a)(2), "Speedy Trial Act"); *U.S. v. Taylor*, 487 U.S. 326, 335-337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1998); and *U.S. v. Lewis*, 518 F.3d 1171, 1176 (9th Cir. 2010)). Federal courts examining whether dismissal for violation of the Speedy Trial Act should be with or without prejudice look to (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to dismissal; (3) the impact of reprosecution on the administration of the speedy trial statute and on the administration of justice; and (4) prejudice to the defendant. *Lewis*, at 1176. However, the Defendant as movant has not presented any such factual evidence to this Court and, because this evidence, if it exists, would be found in a wholly separate case, it is not before this Court to analyze on its own.

Further, Defendant argues that evidence of prejudice to her is not necessary to dismiss with prejudice. (Def. Mtn. at p.7). To the contrary, reprosecution is not barred without an examination of the prejudice suffered by the Defendant as a result of the delay. *Id.* at \*7-8; *Doggett v. U.S.*, 505 U.S. 647, 654, 112 S.Ct. 2686 (1992) (prejudice typically includes

---

here that any reprosecution after a prompt arraignment violation should be automatically barred regardless of the existence or nonexistence of bad faith or prejudice. Further, Defendant does not allege, nor is there any evidence presented of, bad faith on the part of the Office of the Attorney General in prosecuting the present action which may even properly invoke the applicability of *Gutierrez*.



oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility the accused's defense will be impaired by dimming memories and loss of exculpatory evidence). Some instances of delay can even occur without the anxiety of a bond or other conditions of release and each case of delay should receive a particular examination of the prejudice suffered. *See e.g. People v. Stephen*, 2009 Guam 8 ¶ 11; 8 GCA § 20.60. Unfortunately, Defendant fails to offer evidence of actual prejudice suffered by her and, furthermore, fails to even offer any evidence to support her own argument that the length of the delay itself constitutes presumptive prejudice. Thus this Court has nothing before it to consider in this vein.

Finally, the Court does not agree that a dismissal without prejudice is a frivolous remedy that only causes additional delay. *See Taylor*, 487 U.S. at 342.[2] For all of these reasons, the Court shall not automatically bar reprosecution when an arraignment is delayed and Defendant's motion shall not be granted on this basis.

\\\

\\\

## CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss is hereby DENIED.

**SO ORDERED this** 5TH **day of April, 2013.**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

APR 0 1 2013

James R. Borja
Deputy Clerk, Superior Court of Guam

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

---

[2] "Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds. Given the burdens borne by the prosecution and the effect of delay on the Government's ability to meet those burdens, substantial delay well may make reprosecution, even if permitted, unlikely." *Id.*

ORIGINAL